IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN LOPEZ, | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| WEST PLAZA MANAGEMENT, INC., | | |
| and JOE TING, | § | |
| *Defendants.* | § | JURY DEMANDED |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Marilyn Lopez, by and through her attorneys, TB Robinson Law Group, PLLC, hereby files this Complaint against Defendants, West Plaza Management, Inc. ("West Plaza") and Joe Ting ("Ting") and in support states as follows:

## I.

### NATURE OF THE CLAIMS

1. This action is filed under 42 U.S.C. §§ 12101 *et seq.* for violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"); 29 U.S.C. § 2612 for violations of the Family Medical Leave Act ("FMLA); 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. § 2000e *et seq.* ("Title VII") for race discrimination culminating in the unlawful termination of her employment.

2. Plaintiff seeks equitable relief, back and future pay, lost benefits, reinstatement, liquidated, compensatory and punitive damages, and any and all other damages allowed for violations of the ADA, FMLA, Section 1981, and Title VII.

## II.

### PARTIES AND SERVICE

3. Plaintiff, Marilyn Lopez, is a citizen of the United States and the state of Texas and resides in Harris County, Texas.  Plaintiff is a former employee of Defendant.

4. Defendant, West Plaza Management, Inc., is a property management company doing business in the State of Texas and may be served with process by serving its Registered Agent, Joe Ting at 2825 Wilcrest Dr., Suite 200, Houston, TX 77042. Plaintiff is requesting a waiver of summons from Defendant West Plaza at this time.

5. Defendant, Joe Ting, is an individual who may be served with process at 2825 Wilcrest Dr., Suite 200, Houston, TX 77042. Plaintiff is requesting a waiver of summons from Defendant Ting at this time.

## III.

### JURISDICTION AND VENUE

6. This action arises under federal law as hereinafter more fully appears.  Therefore, this Court has jurisdiction over Plaintiff's claims in this matter pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## IV.

### ADMINISTRATIVE REMEDIES

8. Pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff received her Right to Sue letter from the EEOC dated June 27, 2018. Plaintiff has otherwise exhausted her administrative remedies.

## V.

### BACKGROUND AND FACTS

9.  Plaintiff started her employment with West Plaza Management, Inc. on February 8, 2016. She was hired as the Assistant Property Manager for Bellaire Silk Apartments located at 7255 Corporate Dr. Houston, TX, 77036. Bellaire Silk is one of the many properties owned by West Plaza Management, Inc.

10. By July of 2016, Plaintiff was promoted to Property Manager at Bellaire Silk where she reported to Anne Sanders, the Supervisor for Bellaire Silk, as well as, Joe Ting, West Plaza's owner.

11. When Plaintiff started her employment with West Plaza she wore hearing aids to assist with her hearing disability dating back to when she was a child.

12. On May 2, 2017, Plaintiff had a CT scan to address an issue which she was having with her right ear related to recurring ear infections. Plaintiff's doctor, Ryan Ridley, suspected that Plaintiff might need surgery for a cholesteatoma, an abnormal skin growth in the middle ear behind the eardrum that can destroy the surrounding delicate bones of the middle ear. Plaintiff informed Sanders, her supervisor, that she might need surgery in the coming weeks.

13. In the spring of 2017, Ting had hired Nicole Shi, a Chinese woman, as the Assistant Property Manager for Bellaire Silk, and Leona Yang, also Chinese, as the Leasing Agent for Bellaire Silk. Plaintiff, a Latina woman, noticed that Ting favored and preferred his newly hired Chinese employees over her.

14. Between February and May of 2017, Ting regularly took the two new hires out to lunch, and regularly spoke to them in Chinese while in the office, which effectively excluded Plaintiff from understanding. Shi and Yang had direct access to Ting and regularly contacted him on his cell

phone, while Plaintiff, the Property Manager, never had such access to Ting. If Plaintiff needed to contact Ting, her only recourse was email or to go through her supervisor.

15. On May 23, 2017, Plaintiff saw Dr. Ridley again for the results of her CT scan. As Dr. Ridley she would need surgery for the cholesteatoma.  On May 30, 2017, Plaintiff's surgery was scheduled for June 22, 2017. Her doctor informed her she would need approximately 6 days to recover from surgery.

16. During Plaintiff's appointment on May 30, 2017, she received a text from Sanders inquiring about her surgery. Specifically, she said Ting wanted to know the date of her surgery, and how many days Plaintiff would need off from work for recovery.

17. The following day, on May 31, 2017, Plaintiff emailed HR about her upcoming surgery and requested time off.

18. That evening, on May 31, 2017 Sanders informed Plaintiff that Ting wanted to fire her. Ms. Lopez immediately complained about discrimination for her disability related surgery

19.  This made absolutely no sense as, between February and May, Plaintiff Lopez had successfully leased 99.9% of all apartments at Bellaire Silk (only 1 vacancy was not leased of the 308 apartments).  Plaintiff had also successfully navigated her job as the Property Manager at Bellaire Silk for over 15 months. Ms. Lopez had never been disciplined or faced any time of performance problems while managing Bellaire Silk.

20. The following day, on June 1, 2017, Plaintiff emailed Tammy Perez in HR again regarding her surgery, and request for time off. Plaintiff filled out the necessary forms for time off, but Sanders refused to sign them alleging that such approval was above her pay grade even though she had previously always signed the forms for Plaintiff.

21. That same day, on June 1, 2017, Sanders wrongfully terminated Plaintiff.

## VI.

## CAUSES OF ACTION

### COUNT 1 - DISCRIMINATION UNDER THE ADA

22. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

23. The Americans with Disabilities Act of 1990 prohibits discrimination against any individual because of a disability or perceived disability. *See* 42 U.S.C. §§ 12101 *et seq.*

24. Pursuant to 42 U.S.C. §§ 12101 *et seq.* Plaintiff pleads a cause of action against Defendant, West Plaza, for discrimination under the ADA.

25. West Plaza deprived Plaintiff of her federal constitutional and/or statutory rights pursuant to the ADA by terminating her based on her disability and need for disability related surgery. By refusing to grant Plaintiff's request for short term medical leave to recover from her disability related surgery, Defendant discriminated against Plaintiff pursuant to the ADA.

26. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

27. Plaintiff alleges that Defendant terminated her employment or otherwise discriminated against her in violation of the ADA.

### COUNT 2 – FAILURE TO ACCOMMODATE UNDER THE ADA

28. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

29. The Americans with Disabilities Act of 1990 also requires employers to provide reasonable accommodations to qualified employees. *See* 42 U.S.C. §§ 12101 *et seq.* Leave as a reasonable accommodation under the ADA is well recognized by the Courts.

30. Pursuant to 42 U.S.C. §§ 12101 *et seq.* Plaintiff pleads a cause of action against Defendant, West Plaza, for failure to provide reasonable accommodations under the ADA.

31. West Plaza deprived Plaintiff of her federal constitutional and/or statutory rights pursuant to the ADA by refusing to grant Plaintiff leave as a reasonable accommodation.

32. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

33. Plaintiff alleges that Defendant West Plaza failed to accommodate her leave her in violation of the ADA.

## COUNT3 - VIOLATIONS OF THE FMLA

34. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

35. The Family Medical Leave Act of 1992 provides employees with job protected unpaid leave for qualified medical and family reasons. *See* 29 U.S.C. § 2612.

36. Pursuant to 29 U.S.C. §2612 Plaintiff pleads a cause of action against Defendant, West Plaza, for interference and retaliation under the FMLA.

37. Plaintiff was covered by the FMLA because she worked for Defendant, West Plaza Management, more than 1,250 hours in the 12 months preceding her termination.

38. Defendants, West Plaza and Ting, retaliated against Plaintiff by terminating her almost immediately after finding out about her surgery for a serious health condition.

39. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

40. Plaintiff alleges that Defendants terminated her employment, interfered with protected leave and otherwise retaliated against her in violation of the Family Medical Leave Act.

## COUNT 4 - VIOLATIONS OF TITLE VII

41. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

42. The Civil Rights Act of 1964 prohibits employers from discriminating against employees because of that individual's race. *See* 42 U.S.C. §2000e *et. seq.*

43. Pursuant to 42 U.S.C. §2000e *et. seq.* Plaintiff pleads a cause of action against Defendant, West Plaza, for racial discrimination.

44. Defendant, West Plaza, terminated Plaintiff, Marilyn Lopez, from her position as property manager based in part upon her race.

45. As a Latina woman Plaintiff was treated less favorably compared to similarly situated Chinese employees during her tenure as property manager for Defendant.

46. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

47. Plaintiff alleges that Defendant terminated her employment or otherwise discriminated against her in violation of Title VII of the Civil Rights Act of 1964.

### COUNT 5 - VIOLATIONS OF SECTION 1981

48. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

49. The Civil Rights Act of 1866 prohibits discrimination against any individual because of that individual's race. *See* 42 U.S.C. §1981.

50. Pursuant to 42 U.S.C. §1981 Plaintiff pleads a cause of action against Defendant, West Plaza, for racial discrimination.

51. Defendant, West Plaza, terminated Plaintiff, Marilyn Lopez, from her position as property manager based in part upon her race.

52. As a Latina woman Plaintiff was treated less favorably compared to similarly situated Chinese employees during her tenure as property manager for Defendant.

53. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

54. Plaintiff alleges that Defendant terminated her employment or otherwise discriminated against her in violation of Section 1981 of the Civil Rights Act of 1866.

## VII.

## DAMAGES

55. Plaintiff sustained damages as a result of the actions and/or omissions of Defendant as described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages, including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court. Plaintiff also seeks an award of damages for their mental anguish and pain and suffering they have suffered, continue to suffer, and will suffer in the future.

56. Additionally, as a result of Defendant's above-referenced actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce her legal rights. Accordingly, Plaintiff also seeks compensation for her attorneys' fees, as well as out-of-pocket expenses, expert fees and costs of Court she will have incurred in this action.

## VIII.

## PUNITIVE DAMAGES

57. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to her protected rights. In order to punish said Defendant for engaging in unlawful discrimination and to deter such actions and /or omissions in the future, Plaintiff also seeks recovery of punitive damages.

## IX.

## JURY DEMAND

58. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## X.

## PRAYER

59. For the reasons set forth above, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, reinstatement, upgrading, and compensation for benefits not received;

b. Lost wages in the future;

c. Past physical pain and mental suffering;

d. Present physical pain and mental suffering;

e. Future physical pain and mental suffering;

f. Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g. Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;

h. Prejudgment interest at the highest rate permitted by law;

i. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j. Costs of Court; and

k. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully Submitted,
TB Robinson Law Group, PLLC

_____

Terrence B. Robinson, Attorney-In-Charge
Fed. Bar No. 14218
Texas Bar No. 17112900
Email: TRobinson@TBRobinsonlaw.com
Laura A. Hernandez
Fed. Bar No. 24100107
Texas Bar No. 2935637
Email: LHernandez@TBRobinsonlaw.com
7500 San Felipe St., Suite 800
Houston, Texas 77063
Phone: (713) 568-1723
Facsimile: (713) 965-4288
**ATTORNEYS FOR PLAINTIFFS**